### CONSOLIDATED SAFETY PIN CO. v. HUMBERT et al.

(Supreme Court, Appellate Term. April 8, 1911.)

1. PARTNERSHIP (§ 217*)—ACTIONS—EVIDENCE.
  In an action for the price of goods sold under a contract alleged to have been made with two defendants as partners, evidence *held* insufficient to support a recovery.
  [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 425; Dec. Dig. § 217.*]

2. PRINCIPAL AND AGENT (§ 145*)—UNDISCLOSED AGENCY—LIABILITY OF PRINCIPAL.
  Where a person acted as the undisclosed agent of a firm when a sale was made to him on his sole credit, and the seller, after the discovery of the agency, gave credit solely to the agent, he could only hold the agent, and could not recover from his principal.
  [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 499, 513–520; Dec. Dig. § 145.*]

3. WITNESSES (§ 255*)—REFRESHING RECOLLECTION.
  A bookkeeper, who transcribed into a book slips of shipments handed her by the shipping clerk, but who had no personal knowledge of the transactions, could not use the book to refresh her recollection, in the absence of testimony of the shipping clerk to the correctness of the slips.
  [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890; Dec. Dig. § 255.*]

Appeal from City Court of New York, Trial Term.

Action by the Consolidated Safety Pin Company against William C. Humbert and another, doing business under the firm name and style of Taft Four Years League. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Dayton & Bailey (James A. Dayton and Alfred M. Bailey, of counsel, and Solon Weit, on the brief), for appellants.

Ernest G. Budington, for respondent.

LEHMAN, J. The plaintiff alleges that the defendants were partners doing business under the firm name of Taft Four Years League, and that they agreed to purchase 1,000 gross of pins at $1.40 per gross, and that plaintiff delivered 960 gross of pins to them. This action is brought to recover the unpaid purchase price of the pins.

[1] In order to sustain a recovery, the plaintiff must show a contract with the defendants jointly, and a delivery to them under the contract. It seems to me that they have failed to show either element of their case, conceding, without deciding, that the defendants were engaged in a joint trading venture under the name of the Taft Four Years League, the evidence does not show that the purchase was a joint purchase, but shows rather that the contract was made with Humbert individually, and shipments made to the League by his direction. The former president of the plaintiff testified that he made the sale to Humbert personally, and "stated to Mr. Humbert the fact that he personally was the only man that I knew in a business

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

way connected with this enterprise, and any orders received from him would be taken in his name, and should hold him responsible for all goods contracted for." The superintendent of the plaintiff states that Humbert gave the order, sent instructions as to the manufacture, and directed the shipment of the pins to the Taft Four Years League. The present president of the plaintiff testified that he continually asked Mr. Humbert to pay for these goods. This testimony is strengthened by documentary evidence in the form of letters written by defendant to Humbert, in which they state that Humbert gave the order and that they look to him for the payment of the purchase price. It would appear from the evidence that the plaintiff expressly refused to give credit to any person or association except Humbert.

[2] Even if Humbert was acting as agent for the Taft Four Years League, the plaintiff claimed, both at the time the contract was made, and even after the agency was fully disclosed, that credit was given solely to him. It deliberately made its election to hold the agent, and cannot now recover against the principal.

The plaintiff's testimony to show delivery was entirely insufficient. Receipts for cases of pins delivered were introduced in evidence, but these fail to show the number of gross contained in the cases. [3] To prove this fact the plaintiff produced its bookkeeper, who testified that she has no knowledge of the shipments, except as derived from the books. The bookkeeper had no personal knowledge of the shipments, but simply transcribed into the book slips handed to her by the shipping clerk. She was permitted to "refresh her recollection" from these entries; but, since she had never had any personal knowledge of the transaction, all her testimony is absolutely incompetent and merely hearsay. To render the entries themselves admissible, her testimony should have been supplemented by the shipping clerk's testimony as to the correctness of the slips. Mayor v. Second Avenue R. R. Co., 102 N. Y. 572, 7 N. E. 905. This defect is not cured by the production of the delivery receipts. The testimony of the bookkeeper is objectionable, not because the books are possibly inaccurate, but because the testimony is only hearsay.

Judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.